ARTHUR & Co. et al *v.* DICKSON.

*In a commutative contract, where the plaintiff tenders performance, if the defendant refuse to comply with his part of the obligation without a material modification, a formal putting in default is unnecessary.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Wolfe & Singleton*, for plaintiffs. *Clarke & Bayne*, for defendant and appellant.

BUCHANAN, J. This is a claim for freight of cotton, engaged but not shipped. It is proved, that in May, 1853, the steamboat Post Boy, being on a voyage up Red River, the defendant, who is a planter, residing on the banks of said river, some miles below Fulton, in the State of Arkansas, made a bargain with the Captain of the Post Boy, to stop on his return trip, and take on board one hundred and fifty bales of defendant's cotton, to be conveyed to New Orleans, at the rate of five dollars per bale freight; that the boat went some distance further up the river, and was offered more freight than she would take, reserving the storage room for defendant's cotton engaged as aforesaid; that on her return down the river, the boat was landed at defendant's landing, and the defendant was requested by the captain to furnish the freight according to agreement; which defendant refused to do, unless the captain would take less than the price agreed upon; whereupon the boat proceeded down the river to New Orleans, when this suit was brought 'by attachment in the month of June, 1852, for seven hundred and fifty dollars, being the amount of freight which would have been received, had the defendant shipped his cotton according to contract.

These facts are established by several witnesses offered by plaintiffs. No evidence whatever has been offered by defendant, who relies altogether upon the want of a technical putting in default, to reverse the verdict of the jury and the judgment of the District Court.

We do not consider it necessary to go into the question of whether this case is to be governed by the peculiar legislation of Louisiana, or by the general commercial law as recognized in Arkansas; inasmuch as the circumstances present more than a passive violation of a contract. The Post Boy, as we have seen, offered to take the freight, which was refused. The proof on this point is as follows: *John M. Coit*, first clerk, says—" As the boat returned, she stopped at *John Dickson's* place to collect a freight bill, and to receive on board the cotton engaged as the boat ascended; and when witness asked for the cotton, *John Dickson* replied, that he could not have it, unless he took it for a price less, without mentioning any price. Witness refused to take the cotton for less than five dollars per bale."

And *William Shoemaker*, pilot, testifies: " The said steamer, on her return trip, was landed at *Dickson's* landing, and was landed there by order of the captain."

In a commutative contract, where the plaintive tenders performance, if the defendant refuse to comply with his part of the obligation, without a material modification, a formal putting in default is unnecessary. *New Orleans and Nashville Railroad Company* v. *Ganahel*, 18 L. R. 510.

Judgment affirmed, with costs.